1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7               **FOR THE DISTRICT OF ARIZONA**

8

9    Thomas O Park, et al.,                    No. CV-18-03039-PHX-SMB

10              Plaintiffs,            **ORDER DENYING PLAINTIFFS'**
                                       **MOTION FOR RECONSIDERATION**
11   v.

12   Wells Fargo Bank NA, et al.,

13              Defendants.

14

15          Pending before the Court is Plaintiff's Motion For Reconsideration. (Doc. 35). A

16   response was allowed and was filed by Defendants. (Doc. 42). Plaintiff is seeking

17   reconsideration of the Court's order dismissing this case with prejudice (Doc. 31).

18          Motions for reconsideration should be granted only in rare circumstances.

19   *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995).

20   "Reconsideration is appropriate if the district court (1) is presented with newly discovered

21   evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if

22   there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County*

23   *v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for

24   the purpose of asking a court "to rethink what the court had already thought through-rightly

25   or wrongly." *Defenders of Wildlife*, 909 F.Supp. at 1351 (quoting *Above the Belt, Inc. v.*

26   *Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for

27   reconsideration "may not be used to raise arguments or present evidence for the first time

28   when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.*

*v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Plaintiff seems to argue that the Court committed clear error. He argues that the Court erred when it held that Plaintiffs cannot bring a quiet title action unless they paid off the loan in full. Plaintiff raises the same arguments in the motion for reconsideration that he did in response to the motion to dismiss and cites no new intervening law. "[P]ursuant to Arizona law, plaintiffs cannot bring a quiet title action under Arizona Revised Statues §12-1101 unless they paid off their loan in full." *Gonzalez v. BAC Home Loans Servicing, LP*, No. CV-12-02305-PHX-JAT, 2013 WL 1092890, at *5 (D. Ariz. Mar. 15, 2013), *aff'd sub nom Gonzalez v. Bank of Am., N.A.*, 643 F. App'x 665 (9th Cir. 2016). Plaintiff also reiterates his arguments that he is entitled to redemption. However, as stated before, Arizona law is clear that there is no post-sale redemption right. *See* A.R.S. § 33-811; *Schoonover v. Arizona Title Ins. & Tr. Co*., 616 P.2d 898, 900 (Ariz. Ct. App. 1980). Plaintiff also demands that Defendants provide the note to show valid ownership interest. That is not required and "courts have routinely held that plaintiff's 'show me the note' argument lacks merit". *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009) (collecting cases). The Court will not rethink the previous ruling as Plaintiff has not shown clear error.

IT IS ORDERED denying Plaintiff's Motion For Reconsideration (Doc. 35).

Dated this 22nd day of May, 2019.

Honorable Susan M. Brnovich
United States District Judge